IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PRECIOUS LOVE ACADEMY & DAYCARE CENTER, LLC, & LISA COLLIER, | |
| Plaintiffs, | |
| V. | CAUSE NO. 4:10-cv-332 (HEA) |
| KATHY QUICK, CINDY HUDSON, CARON AHLMEYER, NANCY SCHERER, & HON. JOHN J. KOPP, | |
| Defendants. | |

PRELIMINARY INJUNCTION

This matter is before the Court on plaintiff's motion to convert the temporary restraining order into a preliminary injunction [Doc. # 7]. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1343, in that the plaintiffs assert a claim under 42 U.S.C. § 1983, alleging violation of their rights under the Fourteenth Amendment to the United States Constitution. Notice of the complaint and motion for preliminary injunction was conveyed to the defendant, who appeared by counsel on February 25, 2010, at a hearing upon plaintiff's application for a temporary restraining order (TRO) [Doc. # 2].

Defendants consented to entry of a TRO; and considering the factors set forth in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc), the Court concluded that the plaintiffs had established their entitlement to a temporary restraining order. The Court granted the TRO on March 2, 2010 [Doc. # 6].

No further evidence shall be required plaintiffs' motion for a preliminary injunction because the evidence already presented also satisfied the Court's prerequisites for entry of a preliminary injunction. *See*, Plaintiffs' Motion to Convert the Temporary Restraining Order into

1

a Preliminary Injunction [Doc. # 7]. For the reasons previously stated by the Court, plaintiffs' motion to convert the TRO in to a preliminary injunction is **GRANTED**. Thus,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a preliminary injunction is granted.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services, Kathy Quick, Carol Ahlmeyer, Nancy Scherer, their employees, successors and assigns and those in active participation with them are hereby enjoined and restrained from communicating orally or in writing that Precious Love Academy & Daycare is operating without a license or that Lisa Collier is operating Precious Love without a license, except where such communication is required by law.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services, and Kathy Quick shall, not later than Monday May 3, 2010, mail or otherwise provide a copy of this Preliminary Injunction to each of the individuals, agencies and other entities whom she, Carol Ahlmeyer, and/or Nancy Scherer previously informed or caused to be informed of the denial of the plaintiffs' application for renewal of child care license.

**IT IS FURTHER ORDERED** that plaintiffs shall be allowed to continue to operate as a licensed child-care facility during the pendency of all administrative proceedings involving the renewal of plaintiffs' child-care facility license issued on October 1, 2006.

**IT IS FURTHER ORDERED** that plaintiffs follow all statutes, rules, and regulations governing licensed child care facilities in Missouri during the pendency of all administrative proceedings involving the renewal of plaintiffs' child-care facility license issued on October 1, 2006.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services shall be authorized to perform any and all functions permitted under law and consistent with this preliminary injunction so as to ensure plaintiffs' continuing compliance with pertinent statutes, rules, and regulations, including but not limited to on-site inspections.

**IT IS FURTHER ORDERED** that the Missouri Department of Health and Senior Services shall be authorized to move this Court for dissolution of this preliminary injunction should it discover evidence of imminent harm or danger to the children attending this facility during the period that this preliminary injunction is in effect.

**IT IS FURTHER ORDERED** that the plaintiffs shall not be required to give security, as this Court determines that defendants have not been wrongfully enjoined.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Entered at 22nd this __ day of April, 2010.